IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

SANDRA JOHNSON and DUANE HOPWOOD,

    Plaintiffs,

    vs.

E.C. SOURCES SERVICES, LLC, a Florida Limited Liability Company,

    Serve: Corporation Service Company
           Registered Agent
           100 Shockoe Slip, 2nd Floor
           Richmond, VA 23219

    Defendant.

Case No. 7:19cv140

## PLAINTIFFS' COMPLAINT

Plaintiffs, Sandra Johnson and Duane Hopwood ("Plaintiffs"), by and through their undersigned attorney, bring this Complaint against Defendant, E.C. Sources Services, LLC ("Defendant"), and state as follows:

## INTRODUCTION

1.    This action is brought for unpaid overtime compensation, for liquidated damages, and for other relief under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA").

2.    Defendant, E.C. Source Services LLC, is a full-service program management entity focused on financing and deploying Extra High Voltage ("EHV") electrical systems in North America. Defendant specializes in large fixed price, competitively bid EHV transmission line and substation projects and has offices nationwide. See https://www.ecsourceservices.com/

(last visited January 17, 2019)

3. Defendant's program management services were engaged by Appalachian Power on EHV transmission line improvement projects (i) in Bland and Wythe Counties, Virginia (the "Bland Area Improvements Project") and (ii) in Fayette and Kanawha counties, West Virginia (the "Carbondale Area Improvements Project").

4. Plaintiff Sandra Johnson was employed by Defendant as a Field Safety Specialist on the Bland Area Improvements Project from February 12, 2017 through July 21, 2018.

5. Plaintiff Duane Hopwood was employed by Defendant as a QC/QA Inspector on the Bland Area Improvements Project from January 2, 2017 through September 16, 2018.

6. Plaintiff Duane Hopwood was employed by Defendant as a QC/QA Inspector on the on the Carbondale Area Improvements Project from October 26, 2018 to December 21, 2018, when his employment was terminated.

## JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. §216(b), which provides that suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction."

8. This court has personal jurisdiction over Defendant because it does business within the Commonwealth of Virginia and is registered with the Virginia State Corporation Commission.

9. Venue is proper in this District and Division pursuant to 28 U.S.C. §1391 and W.D. Va. Gen. R. 2(b) because Defendant conducts substantial business within this District, and because the vast majority of the actions and omissions giving rise to the claims pled in this

Complaint occurred within the Roanoke Division of this Court.

**PARTIES**

10. Plaintiffs are non-exempt employees who were improperly classified by Defendant as exempt while working on the Bland Area Improvements Project and the Carbondale Area Improvements Project.

11. Plaintiff Sandra Johnson is a citizen and resident of Glenwood, Utah.

12. Plaintiff Duane Hopwood is a citizen and resident of Las Vegas, Nevada.

13. Defendant's Principal Place of Business is in Texas at 16055 Space Center Blvd., Suite 500, Houston, TX 77062.

14. Defendant does business in Virginia and may be served by way of its registered agent, Corporation Service Company, at 100 Shockoe Slip, 2nd Floor, Richmond, Virginia, 23219.

**GENERAL ALLEGATIONS**

15. Plaintiffs were employed by Defendant on the Bland Area Improvements Project and the Carbondale Area Improvements Project where they were regularly required to work more than forty (40) hours per week.

16. Plaintiffs' duties clearly do not fall within the so-called "white collar exemptions" set forth at 29 C.F.R. Part 541, which govern the exemption of executive, administrative, and professional employees. Nonetheless, Defendant classified and treated Plaintiffs as exempt employees and failed and refused to pay them overtime compensation of at least one and one-half times their regular hourly wage for any and all overtime hours.

17. As a Field Safety Specialist, Plaintiff Sandra Johnson's primary duties consisted of: (i) assist with implementation safety policies and procedures in compliance with

local, state, and federal rules and regulations including Occupational Safety and Health Administration (OSHA) and Department of Transportation (DOT); (ii) provide training required by Defendant, Appalachian Power, and OSHA standards; (iii) support the contractor in the preparation of site safety meeting agendas and support of mandatory site safety meetings; (iv) monitor site works through audits, inspections, and observations of work on site; (v) report findings to Project Safety Director; (vi) retain all safety documentation, including training matrix, and all documentation required by OSHA, Appalachian Power, DOT, and Defendant.

18. As a QC/QA Inspector, Plaintiff Duane Hopwood's primary duties consisted of performing on-site inspections of the contractor's work along the right of way where the transmission line was being constructed. His duties included: (i) watching contractor pour concrete; (ii) inspect concrete and rebar cage; (iii) watching electrical transmission wire being strung from newly constructed towers; (iv) inspect proper sag of newly installed electrical transmission wire; (v) preparing inspection reports for concrete, rebar and other required components.

19. Plaintiffs' above-described duties did not consist of managing the enterprise or a customarily recognized department of the enterprise. In performing their duties, Plaintiffs did not regularly direct the work of two or more full-time employees nor did they have the authority to hire, fire, promote, or discipline other employees.

20. Plaintiffs' above-described duties did not consist of office or non-manual work directly related to the management or general business operations of the employer. Rather, Plaintiff Hopwood spent the vast majority of his time in the field working alongside other non-exempt employees and Plaintiff Johnson spent a significant portion of her time in the field.

21. Plaintiffs' above-described duties did not require advanced knowledge

customarily acquired by a prolonged course of specialized intellectual instruction nor was it predominantly intellectual in character and requiring the consistent exercise of discretion and judgment.

22. Defendant failed to pay Plaintiffs on a salary basis as required by the applicable regulations. If an employee worked less than 40 hours per week, she or he were paid only for the actual hours worked and not a weekly salary. The weekly salary only applied if Plaintiffs worked 40 or more hours per week.

23. For example, Plaintiff Johnson was away from the worksite in Virginia in May and June 2018 on sick leave. While on sick leave, Ms. Johnson was required to check her email daily and communicate with the Project Safety Director on a daily basis, often several times a day. Ms. Johnson spent approximately 2 to 3 hours per day performing work on Defendant's behalf while away from the project site. Not only was Ms. Johnson not paid her regular "salary" for those weeks, she was not paid at all for her time.

24. Plaintiffs routinely worked weekly hours far in excess of 40 hours, sometimes working as many as 80+ hours per week.

25. Since Plaintiffs do not meet one of the white-collar exemptions and were not paid on a salary basis, they are non-exempt employees who are entitled to overtime compensation.

26. Upon transfer to the Carbondale Area Improvements Project in October 2018, Plaintiff Hopwood complained to project management that he was not being paid overtime as required by law. Project management told Mr. Hopwood (incorrectly) that he was an "exempt" employee and not entitled to overtime. Mr. Hopwood continued to challenge that assertion during his time working on the Carbondale Area Improvements.

27. Plaintiff Hopwood was scheduled to depart the Carbondale Area Improvements Project in late December for a break over the Christmas holiday. However, on December 14, 2018, Defendant terminated Mr. Hopwood's employment allegedly due to a reduction in force.

28. The real reason Defendant terminated Plaintiff Hopwood was because of his repeated complaints that he was not being properly paid because of Defendant's refusal to pay him overtime as required by law.

29. Defendant knew Plaintiffs worked overtime hours in excess of 40 hours per week since they were required to turn in weekly timesheets that were required to be signed off upon by a supervisor.

30. Upon information and belief, the reason Defendant misclassified Plaintiffs as exempt employees is because it had not properly calculated the costs on its fixed-price contracts for the Bland Area Improvements and Carbondale Area Improvements Projects and sought to reduce costs by not making overtime payments to Plaintiffs and similar situated employees. Site managers of Defendant regularly made statements to Plaintiffs that they were losing money on the projects.

31. Defendant knew or should have known that Plaintiffs were not properly classified as exempt employees and that the FLSA requires businesses to compensate employees for overtime at a rate of one and one-half times their regular rate of pay.

32. Nevertheless, in reckless disregard of the FLSA, Defendant adopted and then adhered to its policy and practice of suffering or permitting Plaintiffs to work hours in excess of 40 per week without paying them overtime compensation. As a result, Plaintiffs were denied overtime compensation due to them under the law.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## FAILURE TO PAY OVERTIME WAGES
(Both Plaintiffs)

33. Plaintiffs re-allege and incorporate all previous paragraphs herein.

34. At all times relevant to this action, Defendant was an "employer" under the FLSA, 29 U.S.C. § 203(d), subject to the provisions of 29 U.S.C. § 201, et seq.

35. Defendant is engaged in interstate commerce or in the production of goods for commerce, as defined by the FLSA.

36. At all times relevant to this action, Plaintiffs were "employees" of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

37. Plaintiffs were either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) employed in an enterprise engaged in commerce or in the production of goods for commerce.

38. At all times relevant to this action, Defendant "suffered or permitted" Plaintiffs to work and thus "employed" them within the meaning of the FLSA, 29 U.S.C. § 203(g).

39. The FLSA requires an employer to pay employees the federally mandated overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek. 29 U.S.C. § 207.

40. Plaintiffs as part of their jobs on the Bland Area Improvements Project and Carbondale Area Improvements Project, regularly worked more than 40 hours per week without receiving overtime pay.

41. Defendant violated the FLSA by failing to pay Plaintiffs the

federally mandated overtime premium for all hours worked in excess of forty (40) hours per workweek.

42. Upon information and belief, Defendant has corporate policies and practices of evading overtime pay for employees on the on the Bland Area Improvements Project and Carbondale Area Improvements Project caused by or necessitated by cost over runs on the project.

43. Defendant's violations of the FLSA were knowing and willful.

44. By failing to compensate its workers at a rate not less than one and one-half times their regular rate of pay for work performed in excess of forty hours in a workweek, Defendant violated the FLSA, 29 U.S.C. § 201, et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

45. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid overtime wages plus an additional equal amount in liquidated damages, attorney's fees and costs.

## COUNT II
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## RETALIATION FOR COMPLAINING OF
## IMPROPER PAYMENT OF WAGES
(Plaintiff Hopwood)

46. Plaintiffs re-allege and incorporate all previous paragraphs herein.

47. At all times relevant to this action, Defendant was an "employer" under the FLSA, 29 U.S.C. § 203(d), subject to the provisions of 29 U.S.C. § 201, et seq.

48. Defendant is engaged in interstate commerce or in the production of goods for commerce, as defined by the FLSA.

49. At all times relevant to this action, Plaintiff Hopwood was an "employee" of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

50. Plaintiff Hopwood was either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) employed in an enterprise engaged in commerce or in the production of goods for commerce.

51. At all times relevant to this action, Defendant "suffered or permitted" Plaintiff Hopwood to work and thus "employed" him within the meaning of the FLSA, 29 U.S.C. § 203(g).

52. The FLSA states that it is a violation for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint . . . under or related to this Act." 29 U.S.C. § 215(a)(3).

53. Plaintiff Hopwood made numerous oral complaints to project management on the Carbondale Area Improvements Project concerning Defedant's failure to pay him legally required overtime pay. Rather than addressing those complaints, Defendant discharged Mr. Hopwood from employment in retaliation for filing said complaints.

54. Upon information and belief, the Carbondale Area Improvements Project was not completed in December 2018 and the need for a QC/QA Inspector on the project continued after that date. Indeed, Plaintiff Hopwood had been scheduled to return to the Carbondale Area Improvements Project in January 2019 upon completion of his holiday break.

55. Defendant's discharge of Plaintiff Hopwood allegedly for lack of work was merely a pretext to cover its unlawful discharge due to Mr. Hopwood's

complaints regarding Defendant's failure to properly pay overtime compensation.

56. Defendant's violations of the FLSA were knowing and willful.

57. By discharging Plaintiff Hopwood for complaining that he was not being properly paid, Defendant violated the FLSA, 29 U.S.C. § 201, et seq., including 29 U.S.C. §215(a)(3).

58. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Section 215(a)(3) of the Act, an employee is entitled to employment, reinstatement, promotion, and the payment of wages lost plus an additional equal amount as liquidated damages, attorney's fees and costs.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiffs request the following relief:

a. Declaring Defendant violated the FLSA and the Department of Labor's attendant regulations as cited herein;

b. Declaring Defendant's violation of the FLSA was willful;

c. Granting judgment in favor of Plaintiffs and against Defendant and awarding Plaintiffs the full amount of damages and liquidated damages available by law;

d. Ordering Defendant to reinstate Plaintiff Hopwood and awarding him back pay plus liquidated damages available by law for the period following his unlawful discharge;

e. Awarding reasonable attorney's fees and costs incurred by Plaintiffs in filing this action as provided by statute;

f. Awarding pre-and post-judgment interest to Plaintiffs on these damages; and

g. Awarding such other and further relief as this Court deems appropriate.

## **JURY DEMAND**

Plaintiffs, Sandra Johnson and Duane Hopwood, hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

SANDRA JOHNSON and DUANE HOPWOOD,

By Counsel

      /s/ Jeffrey A Van Doren      
Jeffrey A. Van Doren (VSB No. 47671)
JEFFREY VAN DOREN PLLC
201 Church Street SE, Suite A
Blacksburg, VA 24060
Phone: (540) 588-7354
Fax:  (888) 397-4576
jeff@vandorenlaw.com